15-1827-cv
*J.S., L.S. v. NYC DOE*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand and sixteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges*.

---

J.S., L.S., ON BEHALF OF D.S.,

> *Plaintiffs-Appellants,*

> v.                                                          No. 15-1827-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiffs-Appellants: | BETH E. GOLDMAN, New York Legal Assistance Group, New York, NY. |
| | Beth A. Norton, Stroock & Stroock & Lavan LLP, New York, NY. |
| For Defendant-Appellee: | KATHY CHANG PARK, Richard Dearing, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

---

1

Appeal from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The parents of student D.S. ("Appellants") appeal from the May 6, 2015 final judgment entered in the United States District Court for the Southern District of New York granting summary judgment to the New York City Department of Education ("Appellee") on Appellants' claim for private school tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The district court reviewed a March 5, 2014 decision of a State Review Officer ("SRO"), which itself reviewed an October 9, 2013 decision of an Impartial Hearing Officer ("IHO") who first heard Appellants' claims that their son's individualized education program ("IEP") was inappropriate. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons stated below, we affirm.

The IDEA requires all states receiving federal funding to provide "all children with disabilities" a free appropriate public education ("FAPE"). 20 U.S.C. § 1412(a)(1)(A). "A FAPE consists of special education and related services tailored to meet the unique needs of a particular child, which are reasonably calculated to enable the child to receive educational benefits." *Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ.*, 760 F.3d 211, 214 (2d Cir. 2014) (internal quotations and citations omitted). Public school districts must provide students a "basic floor of opportunity" for receiving an education. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., v. Rowley*, 458 U.S. 176, 200 (1982). The IDEA "guarantees an appropriate education, not one that provides everything that might be thought desirable by loving parents." *Walczak v. Fla. Union Free Sch.*

2

*Dist.*, 142 F.3d 119, 132 (2d Cir. 1998) (internal quotation omitted). Under New York law, Committees on Special Education ("CSE") are responsible for creating IEPs for each student with a disability. *Reyes*, 760 F.3d at 214–15 (citing N.Y. Educ. Law § 4402(1)(b)(1)).

"Parents who disagree with a CSE's determination and believe that a FAPE is not being provided to their child may unilaterally enroll the child in a private school and seek tuition reimbursement from the school district." *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*,773 F.3d 372, 376 (2d Cir. 2014) (internal quotation omitted). A parent is entitled to reimbursement from the district if: (1) the program recommended by the IEP was inadequate or inappropriate; (2) the alternative placement the parents chose was appropriate; and (3) the equitable factors weigh in favor of reimbursement. *See Florence Cty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 12–16 (1993); *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 373–74 (1985). Evaluating the adequacy of an IEP involves a two-step process: "First, we examine whether the state has complied with the procedures set forth in the IDEA. Second, we consider whether the proposed IEP is substantively appropriate in that it is reasonably calculated to enable the child to receive educational benefits." *T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) (internal quotation omitted). "As the party commencing the administrative review, the parents bear the burden of persuasion as to the inappropriateness of [D.S.'s] IEP." *Id.* On appeal, Appellants only challenge the substance of the IEP.

"We review *de novo* the district court's grant of summary judgment in an IDEA case." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 184 (2d Cir. 2012) (internal quotation omitted). Our review "in this context involves more than looking into disputed issues of fact; rather, it is a pragmatic procedural mechanism for reviewing administrative decisions." *Id.* (internal quotations omitted). We recognize that "[t]he role of the federal courts in reviewing state

3

educational decisions under the IDEA is circumscribed." *T.P.*, 554 F.3d at 252 (internal quotation omitted). Due to their expertise on education policy, the "responsibility for determining whether a challenged IEP will provide a child with a [FAPE] rests in the first instance with administrative hearing and review officers." *Walczak*, 142 F.3d at 129. "While the district court must base its decision on the preponderance of the evidence, it must give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009) (internal quotations, alterations, and citations omitted).

The IHO, SRO, and district court all agreed that the IEP provided D.S. with a FAPE. Appellants disagree and argue that the Integrated Co-Teaching ("ICT") placement in the IEP was not appropriate considering D.S.'s disabilities. On appeal, Appellants raise one issue: whether the SRO's decision should be granted deference considering that it did not explicitly analyze all of the evidence that Appellants presented to the IHO. Appellants argue that the SRO's decision should not be entitled to deference because the SRO failed to consider (1) the testimony of Dr. Blei and Ms. Chiu because they did not attend the June 7, 2012 CSE meeting; (2) the testimony of Ms. Kirkwood—D.S.'s teacher at the private school he attended—because she did not give her opinion at the meeting as to whether an ICT class was appropriate for D.S.; and (3) the 2011–12 Independent Evaluation ("Independent Evaluation"). The thrust of Appellants' argument is that the SRO erred by only considering evidence that was presented at the CSE meeting and ignored Appellants new evidence presented to the IHO, which suggested an ICT placement was inappropriate.

4

We disagree with Appellants' reading of the SRO decision. As an initial matter, the SRO did explicitly consider both Kirkwood's testimony and the Independent Evaluation. The SRO outlined Kirkwood's testimony as to D.S.'s anxiety, low motivation, and need for one-on-one attention. That the SRO noted Kirkwood's failure to communicate her opinion—that the ICT placement was inappropriate for D.S.—during the CSE meeting does not mean that the SRO failed to consider Kirkwood's opinion. On the contrary, the SRO reasonably exercised its discretion in determining how much weight to put on Kirkwood's testimony in light of the full record. Although the SRO did not explicitly consider the Independent Evaluation during its analysis of the ICT placement, the SRO did reference it while analyzing D.S.'s behavioral issues. Thus, Appellants contention that the SRO ignored this evidence is unpersuasive.

While we routinely consider the testimony of witnesses who did not attend CSE meetings when determining the adequacy of an IEP, *see, e.g., C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 81 (2d Cir. 2014), the SRO's failure to analyze explicitly Blei's or Chiu's testimony does not undermine our view that its decision overall was thorough and well-reasoned. *See M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012) (deference "will hinge on the kinds of considerations that normally determine whether any particular judgment is persuasive, for example whether the decision being reviewed is well-reasoned, and whether it was based on substantially greater familiarity with the evidence and the witnesses than the reviewing court"); *see also Xiao Ji Chen v. United States D.O.J.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting in the immigration context that a reviewing court "presume[s] that an [administrative agency] has taken into account all of the evidence before him, unless the record compellingly suggests otherwise"). The main dispute at the independent hearing was whether D.S. had made enough progress to join an ICT classroom. This is exactly the type of educational policy question on

5

which courts generally defer to hearing officers because it requires "specialized knowledge and experience." *M.C.*, 553 F.3d at 171. Moreover, Blei's and Chiu's testimony, in most respects, reiterated the testimony of Kirkwood and L.S.—that an ICT placement would be inappropriate for D.S. The SRO explicitly considered the testimony of Kirkwood and L.S. but put more weight on the Appellee's witnesses. The SRO's decision addressed all of the arguments presented at the independent hearing and grappled with conflicting evidence. We find, therefore, that the SRO's decision was "reasoned and supported by the record," and we defer to its findings that Appellee provided D.S. with a FAPE. *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 114 (2d Cir. 2007).

Because we find that D.S.'s IEP was appropriate, we need not address whether Appellants' private placement was appropriate or whether the equitable factors favor reimbursement. *See T.P.*, 554 F.3d at 254. We have considered all of Appellants' remaining arguments and find them to be without merit. The decision of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK